THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: April 28, 2014

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

William John Foley,　　　　　　　　　Case No. 14-24438-GMH

　　　　　Debtor.　　　　　　　　　　Chapter 11

## ORDER DENYING MARC RASSBACH'S MOTIONS

On April 22, Mr. Marc Rassbach filed several motions with the court: (1) motion to intercede; (2) motion to force bankruptcy; and, (3) motion for the Court to examine into the truthfulness of statements of Mr. Foley. Additionally, Mr. Rassbach asks that the court treat him as an expert "with respect to what Mr. Foley has stated on the public record".

Mr. Rassbach's motions do not explain clearly what relationship he has to Mr. Foley or otherwise has to this case. He asserts that he is a creditor and "ha[s] spent the time and effort to examine the public record of Mr. Foley". However, the debtor's creditor matrix does not identify Mr. Rassbach, and Mr. Rassbach's multiple filings with the court do not indicate how or in what capacity (that is, individually or through some legal entity) Mr. Foley is allegedly indebted to Mr. Rassbach.

If Mr. Rassbach is indeed owed a debt, in his individual capacity, from Mr. Foley, then his motion to intercede, which the court treats as a motion to intervene, is unnecessary. A creditor in a chapter 11 case, such as Mr. Foley's, may raise and may appear and be heard on any issue in the case. 11 U.S.C. §1109. If, however, Mr. Rassbach has an interest in a business entity that is owed a debt by Mr. Foley, then Mr. Rassbach may not appear in bankruptcy court on that entity's behalf; legal entities may only litigate by appearing through a lawyer. See *United States v. Hagerman*, 545 F.3d 579 (7th Cir. 2008).

Mr. Rassbach's motion to force bankruptcy and motion for the Court to examine the truthfulness

past statements by Mr. Foley are related, and appear to request that the court not dismiss Mr. Foley's case in the event that Mr. Foley fails to timely file his bankruptcy paperwork so that "questions can be asked and answers may be received." Mr. Foley's case is not yet ripe for dismissal. Additionally, Judges are limited to deciding cases and controversies that are brought before them; they may not "examine" a party's out-of-court behavior at the request of another litigant in the hopes of discovering some unidentified unsavory activity. See 28 U.S.C. §153(b).

Finally, an expert may only testify as to that expert's "scientific, technical, or other specialized knowledge". Fed. R. Evid. 702(a). Opinion testimony, of the kind Mr. Rassbach wishes to provide to the court, is not of that type. This court may, however, take judicial notice of authentic records in other proceedings. See Fed. R. Evid. 902. Therefore, if Mr. Rassbach simply desires to have this court recognize positions Mr. Foley has taken in state-court proceedings, Mr. Rassbach's motion seeking to "qualify" himself as a witness may be unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Rassbach's motion to intercede, which the court treats as a motion to intervene, is denied.

**IT IS FURTHER ORDERED** that Mr. Rassbach's motion to force bankruptcy and motion to examine into the truthfulness of Mr. Foley's statements are denied.

**IT IS FURTHER ORDERED** that Mr. Rassbach's request to be qualified as a witness "with respect to Mr. Foley" is denied.

####